IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:11-CR-119-H
No. 7:14-CV-73-H

| | |
|---|---|
| EVA MARIE NIEVES )<br>   Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>   Respondent. ) | **ORDER** |

This matter is before the court on the government's motion to dismiss, [D.E. #44], in response to petitioner's motion to vacate under 28 U.S.C. § 2255, [D.E. #39]. Petitioner has filed a response, [D.E. #47], and this matter is ripe for adjudication.

### BACKGROUND

On November 8, 2011, petitioner pled guilty, pursuant to a written plea agreement, to a criminal information charging her with the illegal possession of identification documents and aiding and abetting the same offense, in violation of 18 U.S.C. §§ 1028(a)(3) and 2 (Count One); and aggravated identity theft and aiding and abetting the same offense, in violation of 18 U.S.C. §§ 1028A and 2 (Count Two). [D.E. #1, #12, #13]. On April 9, 2012, this court sentenced petitionER to a term of imprisonment of 61 months. Judgment was entered in petitioner's case on April 25, 2012. Petitioner did not file an appeal. On

or about April 10, 2014, petitioner filed the instant motion pursuant to 28 U.S.C. § 2255.

## COURT'S DISCUSSION

Title 28 U.S.C. § 2255 imposes a one-year statute of limitations on actions filed pursuant to that section. The pertinent text of 28 U.S.C. § 2255 provides that:

> A 1 year limitation shall apply to a motion under this section. The limitation period shall run from the latest of-
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of diligence.

28 U.S.C. § 2255(f).

Petitioner did not appeal; therefore, her judgment became final on "the date upon which [petitioner] declined to pursue further direct appellate review." United States v.

2

Sanders, 247 F.3d 139, 142 (4th Cir. 2001). Therefore, her judgment became final upon entry on April 25, 2012. Because petitioner did not file the instant motion until April of 2014, the motion was filed outside the one year statute of limitations and is untimely under § 2255(f)(1). Petitioner has also not alleged sufficient facts to show a basis for extending the statutory timeframe for filing under § 2255(f)(2)-(4). Finally, Petitioner has made no showing that equitable tolling is warranted in her case. Therefore, petitioner's motion to vacate is untimely and, therefore, DISMISSED.

## CONCLUSION

For the foregoing reasons, the government's motion to dismiss, [D.E. #44], is GRANTED, and petitioner's section 2255 motion, [D.E. #39], is DISMISSED. The clerk is directed to close this case.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). A reasonable jurist

3

could not find this Court's dismissal of petitioner's § 2255 motion debatable. Therefore, a certificate of appealability is DENIED.

This 5th day of January 2016.

Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#26